IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


SHARON WAMSLEY
    Plaintiff,

    v.

Kemp
CREDITORS INTERCHANGE
RECEIVABLES MANAGEMENT, LLC
    Defendant.

Case No.: 2:09-cv-769
JUDGE GREGORY L. FROST
Magistrate Judge Terence P.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees (Doc. # 8), Defendant's Response in Opposition to Plaintiff's Motion for Attorney's Fees (Doc. # 10), Plaintiff's Reply in Support of Plaintiff's Motion for Attorney's Fees (Doc. # 13), Defendant's Notice of Supplemental Authority in Opposition to Plaintiff's Motion for Attorney's Fees (Doc. # 14), and Plaintiff's Motion to Strike Defendant's Notice of Supplemental Authority (Doc. # 15). For the reasons that follow, the Court **GRANTS** both of Plaintiff's motions.

### I. Background

On September 2, 2009, Plaintiff, by and through her attorneys Krohn & Moss, Ltd., brought suit pursuant to provisions of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.* Plaintiff requested relief in the form of actual and statutory damages and all reasonable attorney's fees and costs incurred for Defendant's violation of the FDCPA.

On December 30, 2009, the parties reached a bifurcated settlement whereby Plaintiff would receive $750.00 to satisfy the underlying claims. In addition, Defendant agreed that for

1

purposes of the Court's determination of attorney's fees and costs, Defendant would not contest that Plaintiff is the prevailing party. The parties engaged in informal negotiations regarding the issue of attorneys' fees; however, the parties were unable to come to an agreement.

Plaintiff filed her motion for attorney's fees on February 3, 2010, which is fully briefed. Plaintiff also filed a motion to strike Defendant's supplemental authority filing.

On March 16, 2010, this Court held a hearing on Plaintiff's Motion for Attorney's Fees. Counsel for both parties appeared at the hearing and presented oral argument.

## II. Analysis

**A. Plaintiff's Motion for Attorney's Fees**

Plaintiff has asked the Court to award her $4,101.50 in attorney's fees and costs. That amount includes $350.00 in costs and $3,751.50 in attorney's fees. Defendant argues that Plaintiff has failed to meet her burden of showing that the requested award is reasonable. This Court disagrees.

In arriving at a reasonable fee, the Court should first calculate fees using the lodestar formula, which is the product of the amount of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours. *Id.* at 433-35, 440. It is the responsibility of the moving party to show that the requested fees are reasonable. *See Webb v. Dyer County Bd. of Educ.*, 471 U.S. 234, 242 (1985). Here, Plaintiff has set forth evidence showing that counsel for Plaintiff expended 14.8 hours for a total cost of $3,751.50, billing as follows: 2.7 hours for Attorney Adam Krohn at the hourly rate of $410.00 for a total of

$1,107.00; 4.8 hours for Attorney Peter Cozmyk at the hourly rate of $270.00 for a total of $1,296.00; 0.1 hours for Attorney Adam Hill at the hourly rate of $225.00 for a total of $22.50; 4.4 hours for Attorney Nick Bontrager at the hourly rate of $225.00 for a total of $990.00; and 2.8 hours for paralegals at the hourly rate of $120.00 for a total of $336.00.

To show the reasonableness of the hourly rates charged by Plaintiff's attorneys, Plaintiff presented the biography statements of her attorneys, two separate attorney fee surveys including a survey of consumer attorney fee rates for the entire country and the State of Ohio, and the Laffey Matrix. Additionally, Plaintiff offered survey evidence to support Plaintiff's attorney's hourly rates. *See also Prudential Ins. Co. of Am. v. Gibraltar Fin. Servs. Corp. of Cal.*, 694 F.2d 1150, 1156 (9th Cir. 1983) ("Surveys conducted according to accepted principals are routinely admitted."); *see also Safe Auto Ins. Co. v. State Auto. Mut. Ins. Co.*, No. 2:07-cv-1121, 2009 U.S. Dist. LEXIS 94859, at *11 (S.D. Ohio Sept. 30, 2009) (survey evidence not excluded). The Court finds that Plaintiff has sufficiently supported the reasonableness of her request for attorney's fees. Defendant has neither presented any affidavit demonstrating that the rates of Plaintiff's attorneys are unreasonable nor presented testimony at the hearing that the rates were unreasonable. *See United States Football League v. Nat'l Football League*, 887 F.2d 408, 413 (2d Cir. 1989) ("A party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified.").

Moreover, Plaintiff's attorneys achieved an excellent result for Plaintiff, which a "crucial factor" to consider when awarding attorney's fees. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983) ("We hold that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees . . . ."). Defendant agreed to pay $750.00 to

3

Plaintiff, plus reasonable attorneys' fees and costs. This is a recovery of 75% of the maximum statutory damages allowable under the FDCPA. The United States Supreme Court explains that "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* at 424. Normally, a "fully compensatory fee" will include all hours reasonably expended on litigation. *Id.* at 435. As such, an award of attorneys' fees must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. Where a plaintiff prevails on the merits, the plaintiff's attorney is entitled to an award of fees for all time reasonably spent in pursuit of the ultimate result achieved. *Id.* "The result is what matters." *Id.* at 435. The result obtained in the case at bar justifies an award of attorneys' fees for the amount sought.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees.

**B. Plaintiff's Motion to Strike Defendant's Notice of Supplemental Authority**

Defendant filed a notice of supplemental authority, pointing out a 1986 case that it believes supports its position. However, the Local Civil Rules of this Court provide that "[w]hen proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, *and submitted no later than*, the primary memorandum of the party relying upon such evidence." S.D. Ohio Civ. R. 7.2(d) (emphasis added). The Local Civil Rules also provide that when "evidence is not available to meet this schedule . . . counsel shall consult one another and attempt to stipulate to an agreed Motion for extension of the schedule established by this Rule; failing agreement, counsel shall promptly bring the matter to the attention of the Court in order to avoid piecemeal submission of evidence and unnecessary memoranda." S.D. Ohio Civ. R. 7.2(d). Defendant's attempt to supplement its motion was

4

therefore filed late and without taking the appropriate steps under the applicable rules.  The Court therefore **GRANTS** Plaintiff's Motion to Strike Defendant's Notice of Supplemental Authority.

### III.  Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees (Doc. # 8), **GRANTS** Plaintiff's Motion to Strike Defendant's Notice of Supplemental Authority (Doc. # 15), and hereby **STRIKES** Defendant's Notice of Supplemental Authority in Opposition to Plaintiff's Motion for Attorney's Fees (Doc. # 14).  The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

>  **/s/ Gregory L. Frost**
>  **GREGORY L. FROST**
>  **UNITED STATES DISTRICT JUDGE**